BLD-138                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1364
_____

In Re:  LEI KE,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2-11-cv-06708)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 28, 2013

Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 19, 2013)
_____

OPINION
_____

PER CURIAM

Lei Ke petitions for a writ of mandamus directing the District Court to rule on his

pending motions for a preliminary injunction and for partial summary judgment within

fifteen days.  We will deny the petition.

Ke filed suit pro se against Drexel University and various individual defendants

asserting claims allegedly arising from his termination as a medical student.  He also filed

a motion for a preliminary injunction seeking immediate reinstatement and a motion for

partial summary judgment. The District Court held a hearing on these motions on September 24, 2012, then adjourned the hearing after stating that it would take the motions under advisement and issue a ruling in due course.

Ke, believing that the District Court had denied his request for a preliminary injunction, filed the appeal docketed at C.A. No. 12-4013. We dismissed it on January 10, 2013, because the District Court had not yet issued a ruling. We also noted Ke's reference to the possibility of seeking mandamus relief and stated:

> [T]he District Court has expressed its intention to rule on [Ke's] motion for a preliminary injunction promptly. Now that we have dismissed this appeal (the filing of which may be a reason why the District Court has not yet ruled), we are confident that the District Court will issue its ruling in due course.

Since our ruling, Ke has filed with the District Court two motions asking it to issue its decision. In the second of these motions, which he filed on February 15, 2013, he noted the filing of this mandamus petition. The District Court has not taken any action on those filings or ruled on Ke's underlying motions to date.

Although "matters of docket control . . . are committed to the sound discretion of the district court," In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), we may issue writs of mandamus in extraordinary situations "to compel [the court] to exercise its authority when it is its duty to do so," Madden v. Myers, 102 F.3d 74, 77 n.3 (3d Cir. 1996) (quotation marks omitted), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (1997). We may do so when a delay in ruling "rise[s] to the level of a denial of due process." Madden, 102 F.3d at 79. The delay in this case has not yet

2

reached that level.

As we previously explained, at least some of the delay may have been caused by Ke's own filing of an improper appeal. Since then, Ke has filed two more motions asking the District Court to rule promptly and has put the District Court on notice of this mandamus petition. Ke has provided no reason to believe that the District Court will not issue its ruling promptly, particularly in light of our recent order and his recent filings. Ke argues that "the district court has abused its discretion by not ruling on a single motion after the start of the lawsuit more than fifteen months ago" (Mandamus Pet. at 9), but that argument grossly misstates the record as explained in the margin.[1] In sum, the record does not reflect the kind of extraordinary failure or refusal to act that might warrant mandamus relief.

Nevertheless, Ke's motion for a preliminary injunction has been pending since June 25, 2012, and has been ripe for disposition since the District Court conducted the hearing on September 24, 2012. Ke asserts in that motion that his allegedly wrongful

---

[1] Since Ke filed suit, the District Court has entered orders, inter alia: granting Ke's motion to proceed in forma pauperis (ECF No. 3); granting Ke's motion for appointment of counsel and placing the case in suspense pending such appointment (ECF No. 17); returning the case to active status at Ke's request after Ke informed the District Court that he did not wish to wait for appointment of counsel and preferred instead to represent himself (ECF No. 24); granting Ke leave to file a second amended complaint (ECF No. 26); denying as moot the motions filed by the parties before that amendment (ECF No. 40); granting Ke leave to file a reply brief (ECF No. 41); and directing the Clerk to provide Ke with a copy of the hearing transcript at no charge (ECF No. 58). In addition to the delay caused by Ke's initial request for counsel, the docket reveals a period of inactivity while the parties attempted to mediate this dispute. (ECF No. 28.)

termination is causing him irreparable harm.  We express no opinion on the merits of that assertion and do not suggest that the District Court is insensitive to Ke's allegations, with which it obviously is familiar.  We are confident that the court will rule on this matter at an early practicable time.

For these reasons, we will deny Ke's mandamus petition.[2]

---

[2] Ke suggests at the close of his petition that "perhaps this appeals court should let another judge take over the case."  Ke has not developed any argument or affirmatively requested any relief in that regard, and we perceive no basis for any such relief.