**\*\*AMENDED DLD-262**                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 13-1776 & 13-2263
_____

IN RE:  LEI KE,

Petitioner in No. 13-2263

LEI KE,

Appellant in No. 13-1776

v.

DREXEL UNIVERSITY; JOHN FRY; RICHARD HOMAN; SAMUEL
PARRISH; AMY FUCHS; JENNIFER HAMILTON; ANTHONY SAHAR
_____

On Appeal from and on a Petition for
a Writ of Mandamus to the United States District
Court for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-11-cv-06708)
District Judge:  Honorable Joel H. Slomsky
_____

No. 13-1776 Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6;
No. 13-2263 Submitted Pursuant to Rule 21, Fed. R. App. P.
May 31, 2013
Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed : July 18, 2013)
_____

OPINION
_____

PER CURIAM

Lei Ke appeals from various orders entered by the District Court and has filed a petition for a writ of mandamus seeking interlocutory review. In C.A. No. 13-1776, we will affirm the District Court's order denying Ke's motion for a preliminary injunction but will dismiss the appeal as to presently unappealable orders. In C.A. No. 13-2263, we will deny Ke's mandamus petition. We will also deny Ke's motions for other relief.

## I.

Ke was a third-year medical student at the Drexel University College of Medicine when he was dismissed, ostensibly for poor academic performance. Ke later filed suit pro se against Drexel University and six individuals, including University President John Fry, seeking reinstatement. In general, Ke alleges that his dismissal resulted from retaliation and discrimination on the basis of his Chinese race and national origin. The District Court granted Ke's request for appointment of counsel but Ke later elected to proceed pro se. Ke ultimately filed a Second Amended Complaint asserting the nine causes of action set forth in the margin.[1]

Defendants filed a motion for partial dismissal of the complaint under Rule 12(b)(6), and Ke filed both a motion for summary judgment and a motion for a preliminary injunction (his second) seeking immediate reinstatement. The District Court held a hearing on defendant's Rule 12(b)(6) motion and Ke's motion for a preliminary injunction. Following

---

[1] They are: (1) intentional discrimination, (2) willful retaliation, and (3) hostile educational environment, all in violation of 42 U.S.C. § 1981; (4) intentional discrimination and (5) willful retaliation, both in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d-2000d-7; (6) violation of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g; (7) discrimination and retaliation in violation of the Pennsylvania Fair Educational Opportunities Act, 24 P.S. § 5004; (8) conspiracy in violation of 42 U.S.C. § 1985; and (9) intentional infliction of pain and suffering.

two proceedings in this Court,[2] the District Court issued its ruling on these motions. First, by order entered March 14, 2013, the District Court denied Ke's motion for summary judgment without prejudice because discovery had not commenced. (CM/ECF No. 67.) Second, by order entered March 15, 2013, the District Court granted defendants' partial motion to dismiss and dismissed Counts VI, VII and IX as to all defendants and Counts I and II against defendant Fry only. (CM/ECF No. 69.) Finally, by another order entered March 15, 2013, the District Court denied Ke's motion for a preliminary injunction. (CM/ECF No. 71.) The case remains ongoing in the District Court and the parties are currently engaged in discovery.

Ke filed a notice of appeal from all three orders and also seeks interlocutory review of two of them by way of a mandamus petition. Since Ke filed his appeal, the District Court has denied his motions for an entry of judgment under Rule 54(b) and certification of immediate appeal under 28 U.S.C. § 1292(b).

II.

A.    Ke's Mandamus Petition and the Scope of Appeal

We have jurisdiction under 28 U.S.C. § 1292(a)(1) to review the District Court's denial of Ke's motion for a preliminary injunction, but we do not have jurisdiction to review the other two orders from which he appeals. With other exceptions not relevant here, our jurisdiction is limited to reviewing "final decisions." 28 U.S.C. § 1291. A decision generally is final only when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 376 (3d Cir. 2005) (quotation

---

[2] Ke filed an appeal from what he mistakenly believed was the denial of his motion for an injunction, which we dismissed (C.A. No. 12-4013), and then a mandamus petition asserting undue delay in ruling on that motion, which we denied (C.A. No. 13-1364).

marks omitted).  The District Court's denial of Ke's motion for summary judgment is not a final order, and is all the less so because the denial was without prejudice.  The District Court's partial dismissal of Ke's complaint also is not a final order because it did not resolve all claims as to all parties and the District Court has declined to direct the entry of judgment.  See Fed. R. Civ. P. 54(b).

Appearing to recognize as much, Ke seeks review of these orders by asking us to issue a writ of mandamus reversing them.  We decline to do so.  A writ of mandamus is an extraordinary remedy that we have the discretion to grant only if, inter alia, the petitioner has "no other adequate means to attain the relief sought."  Diet Drugs, 418 F.3d at 379.  This requirement "emanates from the final judgment rule: mandamus must not be used as a mere substitute for appeal" because doing so would "thwart the Congressional policy against piecemeal appeals."  Id. (quotation marks omitted).

That is all that granting mandamus would accomplish in this case.  Ke asserts that the partial dismissal of his complaint is "too important" to be denied immediate review, but he does not say why and instead merely argues the merits of the District Court's decision.  Ke has raised nothing suggesting that he cannot obtain effective review of that decision on appeal from a final order, and it is apparent that he can.

### B.    The Denial of Ke's Motion for a Preliminary Injunction

We review the denial of a motion for a preliminary injunction for abuse of discretion, though we review underlying factual findings for clear error and underlying legal conclusions de novo.  See Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff, 669 F.3d 359, 366 (3d Cir. 2012).  A plaintiff seeking a preliminary injunction must show, inter alia, a likelihood

4

of success on the merits and irreparable harm. See id. "The moving party's failure to show a likelihood of success on the merits must necessarily result in the denial of a preliminary injunction." Id. (quotation marks omitted).

In this case, the District Court concluded that Ke has not shown a likelihood of succeeding on his remaining claims and that none of the other factors warrant injunctive relief. We perceive no abuse of discretion. Regarding likelihood of success, we agree with the District Court that all of Ke's remaining claims (with the possible exception discussed below) require him to establish at least an inference that his dismissal was the result of discrimination on the basis of his race or national origin. See, e.g., Storey v. Burns Int'l Sec. Servs., 390 F.3d 760, 764 (3d Cir. 2004) ("Although the prima facie elements of a discrimination claim vary depending on the facts of the case, the plaintiff must generally present evidence that raises an inference of discrimination.") (quotation marks and internal citation omitted). We further agree that Ke has not shown a likelihood of raising that inference.

As the District Court explained, Ke relies on: (1) the allegation that defendant Dr. Sahar, who supervised Ke's third-year clinical rotation, asked him where he is from and pressed him on the issue after Ke initially stated that he is from Canada; (2) another defendant doctor's facially race-neutral comments that Ke, inter alia, is "the weirdest guy I've ever met. You were weird, strange, truly odd, you scared people"; and (3) alleged disparate treatment of non-Chinese students, including a Middle Eastern student who received different advice than Ke from Dr. Sahar and Caucasian students who were allowed to remain students after also failing tests or rotations.

The District Court thoroughly discussed Ke's allegations and evidence in this regard

5

and concluded that he is unlikely to raise an inference of discrimination given his largely undisputed academic failings and other factors. Among other things, the District Court concluded that Ke is unlikely to show a suggestive temporal proximity between Dr. Sahar's questioning about Ke's origin and any adverse action. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 232 (3d Cir. 2007). The District Court also concluded that Ke is unlikely to show that the other students he mentions were similarly situated to him because he does not allege that they, like him, had been conditionally readmitted after already having failed their second year. Cf. Mandel v. M & Q Packaging Corp., 706 F.3d 157, 170 (3d Cir. 2013) (observing that employees with higher levels of education and different positions are not similarly situated).

Ke has provided no meaningful basis to question the District Court's reliance on these points. To the contrary, most of Ke's arguments are addressed to immaterialities or take statements by the District Court out of context, and his others simply lack merit. Only two of them warrant brief discussion. First, Ke argues that the District Court failed to address his claim that Dr. Sahar retaliated against him for questioning Dr. Sahar's treatment strategy in front of a patient, which Ke claims is "protected" activity under various Drexel University materials (though not the Constitution). The District Court, however, identified both the claim (CM/ECF No. 70 at 2) and its factual basis (id. at 5) and concluded that "discrimination [nevertheless] lies at the heart of each of [Ke's] claims" (id. at 10). We agree because Ke's Second Amended Complaint expressly alleges that this alleged retaliation was precipitated by and resulted in racial discrimination. (E.g., CM/ECF No. 29 ¶¶ 101-19.) In fact, Ke expressly asserts that this alleged act of retaliation was itself an act of discrimination. The District Court

6

did not specifically discuss whether Ke has shown that this isolated claim of retaliation is likely to result in his reinstatement as a student, but we cannot say that the District Court abused its discretion in that regard and we are confident that the District Court will address this issue if and when necessary in the future.

Second, Ke argues that the District Court erred in failing to address his glaucoma under the Americans With Disabilities Act. There was no reason for the District Court to do so because Ke asserted no claim on that basis even under the liberal construction afforded pro se pleadings, and Ke does not argue otherwise. Ke mentioned his glaucoma several times in his complaint by way of explaining his otherwise-admitted academic failings, but his only request for relief in that regard was that the court order defendants to accommodate his glaucoma after reinstating him as a student. (CM/ECF No. 29 at 50(f).) Ke's glaucoma thus has no bearing on his likelihood of prevailing on any of his actual claims.

In sum, the District Court did not abuse its discretion in concluding that Ke had not shown a likelihood of success on the merits. Thus, we need not address the other injunction factors, though we perceive no abuse of discretion in the District Court's treatment of those factors either.[3] We do add one further note by way of clarification. Ke appears to believe that the District Court has conclusively rejected his claims on the merits. The District Court has not done so, and neither have we. Instead, the District Court determined only that Ke is not likely to succeed, and we have "decide[d] only whether the district court abused its discretion .

---

[3] We note that Ke's allegations of irreparable harm consisted solely of his present inability to pursue a medical education and the fact that he cannot repay student loans that are coming due. Neither of those circumstances amounts to irreparable harm as explained by the District Court.

. . and [have not] go[ne] into the merits any farther than is necessary to determine whether [Ke] established a likelihood of success[.]" Pitt News v. Pappert, 379 F.3d 96, 105 (3d Cir. 2004). Thus, the District Court's rulings on these issues are not conclusive on the merits, and Ke now has the opportunity to seek evidence in support of his remaining claims during discovery.[4]

## C.    Ke's Motions

Finally, Ke has filed motions for various forms of relief in both proceedings, including motions in C.A. No. 13-1776 to disqualify the District Judge and for a writ of mandamus seeking an order directing the District Court to compel defendants to provide discovery. Ke's motions are denied, and only his motions for mandamus relief require brief discussion.

Ke filed a motion in the District Court asking the District Judge to recuse himself, which the District Judge denied. (CM/ECF No. 101.) Shortly before that ruling, Ke filed his "motion" to disqualify the District Judge in this Court. A District Judge's refusal to recuse is properly reviewed on a mandamus petition. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003). Ke's motion is not a mandamus petition because he did not properly caption or file it as an independent action. See Fed. R. App. P. 21. The same applies to Ke's discovery related "motion for mandamus." Defendants have responded to these motions, however, and we will address them in the interest of judicial economy.

Ke argues that the District Judge's disqualification is required both because his "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), and because the judge is

---

[4] Although we are summarily affirming the District Court's ruling because Ke's appeal presents no substantial question, see 3d Cir. LAR 27.4; I.O.P 10.6, we note that Ke, as in all cases, has had an opportunity to raise all of his challenges to the District Court's ruling. Ke has availed himself of that opportunity in numerous filings, including a lengthy de facto brief on the merits, and we have carefully considered them.

actually biased against Ke and has effectively acted as defense counsel in this case, see §

455(b)(1) and (b)(5). None of Ke's arguments has merit. Ke argues that the District Judge has

exhibited hostility toward him in his written opinions, but our review of those opinions reveals

no such hostility. Ke argues that the District Judge treated him and the defendants

inconsistently because, before the start of discovery, the judge dismissed Ke's motion for

summary judgment as premature but granted defendants' partial Rule 12(b)(6) motion. There

is no inconsistency in those rulings given the difference between the two types of motions. See

Guidotti v. Legal Helpers Debt Resolution, L.L.C., — F.3d —, No. 12-1170, 2013 WL

2302324, at *5-6 (3d Cir. May 28, 2013). Ke argues that the District Judge's rulings have been

"intentionally erroneous" because the judge "watered down" Ke's claims and "embellished"

defendants' arguments, but our review of the record reveals nothing of the sort. Finally, Ke

argues that the District Judge improperly "prejudged" his remaining claims by ruling that he is

not likely to succeed on them, but that is precisely the analysis that Ke's motion for

preliminary injunction required. In essence, Ke's arguments amount to nothing more than

disagreement with the merits of the District Court's rulings. Those rulings do not give rise to

an appearance of bias or partiality and do not otherwise warrant disqualification. See In re

Kensington, 353 F.3d at 220-21.

Ke has also filed a "motion for mandamus" seeking an order directing the District Court

to compel the defendants to answer interrogatories and produce documents. That motion is

denied because Ke can obtain relief from these routine discovery issues, if necessary and if

warranted, on appeal from the final judgment. See In re Kensington Int'l Ltd., 353 F.3d at 219.

In that regard, we note that Ke has previously filed a premature appeal, which we dismissed at

9

C.A. No. 12-4013, and a mandamus petition, which we denied at C.A. No. 13-1346. We reiterate both the final judgment rule and the principle that mandamus is reserved for truly extraordinary circumstances. We will not grant writs of mandamus to micromanage ongoing proceedings in the District Court, and we encourage Ke to focus his efforts on those proceedings. After the District Court enters its final judgment, the non-prevailing party or parties can appeal and raise all claims of error at that time.

## III.

For the foregoing reasons, we will affirm the District Court's denial of a preliminary injunction and otherwise dismiss the appeal in C.A. No. 13-1776, and we will deny Ke's mandamus petition in C.A. No. 13-2263. Ke's motions in both proceedings are denied as well.