**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3804
_____

IN RE:  LEI KE,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2-11-cv-06708)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 10, 2013
Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: October 21, 2013)
_____

OPINION
_____

PER CURIAM

        Lei Ke petitions for a writ of mandamus disqualifying the District Judge and

vacating all discovery orders entered in the District Court.  We will deny the petition for

substantially the same reasons we denied Ke's previous requests for relief.

        Ke is the plaintiff in an ongoing suit seeking reinstatement to the Drexel

University College of Medicine, which he alleges wrongfully discharged him.  The

parties are currently engaged in discovery.  The mandamus petition at issue here is the

fifth proceeding that Ke has filed in this Court arising out of that litigation.  Ke first filed

an "appeal" from the District Court's purported denial of his motion for a preliminary injunction before the District Court had even ruled on it, and we dismissed that appeal for lack of jurisdiction. (C.A. No. 12-4013.) Ke then filed a mandamus petition seeking an order directing the District Court to rule on that motion, which we denied. See In re Ke, No. 13-1364, 516 F. App'x 141 (3d Cir. 2013).

After the District Court denied Ke's motion for a preliminary injunction, Ke filed both an appeal from that ruling and a mandamus petition seeking review of other interlocutory rulings that are presently unappealable. Ke also filed mandamus-like "motions" to disqualify the District Judge and compel defendants to provide certain discovery. We affirmed the District Court's denial of a preliminary injunction, dismissed Ke's appeal and denied his mandamus petition as to the presently unappealable orders, and denied his mandamus-like motions. See In re Ke, Nos. 13-1776 & 13-2263, 2013 WL 3753612 (3d Cir. July 18, 2013). We noted that Ke had not filed his motions seeking the District Judge's disqualification and discovery rulings as proper mandamus petitions, but we proceeded to address them on the merits. See id. at *4-5. After doing so, we "reiterate[d] both the final judgment rule and the principle that mandamus is reserved for truly extraordinary circumstances," and we reminded Ke that "[w]e will not grant writs of mandamus to micromanage ongoing proceedings in the District Court." Id. at *5.

Undeterred, Ke has now filed another mandamus petition again seeking the District Judge's disqualification and an order vacating all of the District Court's discovery orders entered to date. Ke's request for disqualification is based primarily on his continued disagreement with the District Court's rulings, and he reiterates arguments

2

that we already have rejected in denying his delay-based mandamus petition in C.A. No. 13-1364, in affirming the District Court's denial of a preliminary injunction in C.A. No. 13-1776, and in denying his mandamus-like motions seeking the same relief in that proceeding. Ke also continues to argue that the District Judge has displayed hostility toward him and favoritism toward the defendants in ruling on discovery issues, but our review of the record reveals nothing of the sort. To the contrary, the District Judge obviously has devoted considerable time to managing discovery in this protracted litigation, and nothing of record suggests that the District Judge has handled this regrettably challenging task in anything other than an even-handed way. (See, e.g., CMF Nos. 161, 213, 215.) We of course express no opinion on the merits of the District Court's discovery rulings at this stage because, as we previously advised Ke, he can obtain relief in that regard if warranted on appeal from a final judgment. See In re Ke, 2013 WL 3753612, at *5 (citing In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003)).

For these reasons, Ke's mandamus petition will be denied.