**CLD-236** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1823
_____

IN RE:  LEI KE,
                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2-11-cv-06708)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 24, 2014

Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 1, 2014)
_____

OPINION
_____

PER CURIAM

　　Lei Ke is the plaintiff in an ongoing suit seeking reinstatement to the Drexel

University College of Medicine, which he alleges wrongfully discharged him.  The

parties are currently engaged in discovery.  The mandamus petition at issue here is the

sixth proceeding, and the fourth mandamus petition, arising out of that litigation that Ke

has filed in this Court.  Ke's previous mandamus petitions requested, inter alia, that we

vacate certain of the District Court's discovery orders and disqualify the District Judge. We denied those petitions because the extraordinary writ of mandamus is not an appropriate remedy for orders that can be reviewed on appeal from a final judgment and because Ke's mere continued dissatisfaction with the District Court's rulings does not state a basis to disqualify the District Judge. See, e.g., In re Ke, 538 F. App'x 129, 130 (3d Cir. 2013); In re Ke, 531 F. App'x 187, 189, 191-92 (3d Cir. 2013). We have also reminded Ke twice that "'we will not grant writs of mandamus to micromanage ongoing proceedings in the District Court.'" In re Ke, 538 F. App'x at 130 (quoting In re Ke, 531 F. App'x at 192).

Ke's present mandamus petition nevertheless seeks, once again, to vacate certain of the District Court's discovery orders and to disqualify the District Judge. (Ke also requests that we order the District Court to reinstate John Fry as a defendant and allow Ke to depose him, but that issue too can await review if necessary on appeal from the final judgment.) This petition lacks merit, and we will deny it, for reasons we already have amply explained.[1] We note that Ke has not so much as acknowledged our previous

---

[1] For example, the District Court's discovery rulings addressed in its opinion of March 20, 2014 (ECF No. 451) neither require immediate review nor give rise to any appearance of partiality. The District Court obviously has taken great pains to protect the confidentiality of non-party students' personal information while at the same time fashioning a mechanism to provide Ke with certain discovery that he contends he needs to prove his claims. We express no opinion on the merits of its rulings (which, once again, can be reviewed if necessary on appeal from the final judgment), but they come nowhere close to suggesting the kind of bias or hostility that Ke alleges. Ke's continued allegations in that regard are all the more troubling because the District Court obviously

2

rulings, let alone provided any explanation for why he believes that the principles applied therein do not control his present mandamus petition as well. Ke is advised that any mandamus petition he files in the future that suffers from the same deficiencies will be summarily denied. Ke is further advised that, although we will not consider imposing sanctions for his repeated filings at this time, we will not allow him to abuse this Court's process indefinitely.

For these reasons, Ke's mandamus petition will be denied. Ke's motion to disqualify "opposing" counsel in this Court is denied as well.

---

has expended substantial time in managing this regrettably difficult litigation and continues to do so both in an even-handed manner and with appropriate sensitivity to Ke's pro se status.